# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
JOHN SONAIKE
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 11-30344

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant comes before the Court as an absconder from Pretrial Supervision on a Petition for Action on Conditions of Pretrial Release. Defendant was placed under Pretrial Release Supervision on June 30, 2011 with multiple restrictive conditions and explicit instructions from the Court and from the United States Marshal to report to Pretrial Services for placement of a location monitoring device before leaving the building. Notwithstanding repeated instructions from Court personnel (written and verbal) to report to Pretrial Services upon his release from Marshals custody and before leaving the courthouse, Defendant left the courthouse building on June 30, 2011, absconded, and was never heard from again. (CONTINUE ON PAGE TWO)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| July 18, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**USA V JOHN SONAIKE; 11-30344-01**                                                    **PAGE 2**

In a 24 hour period between June 30, 2011 and July 1, 2011 Officer Susan Dely from Pretrial Services made no less than 13 calls to Defendant's attorney (Harris), Defendant's brother (Joseph Sonaike), and a woman whom she assumed was Defendant's daughter, advising that Defendant was to report forthwith to Pretrial Services for placement of a location monitor, and if Defendant failed to report that a warrant would issue for his arrest. Ms. Dely was assured by each of the above described individuals that Defendant was either on his way to the courthouse or would soon be on his way to the courthouse to report to Pretrial Services. Defendant failed to appear and an arrest warrant was issued at the end of the work day on July 1, 2011.

Defendant argues that he misunderstood the verbal instructions given to him by the court, the Pretrial Services officer, the United States Marshal, and his attorney, as well as the written instructions handed to him personally directing him to report to Pretrial Services after he was released from the United States Marshal, and that he would like a second chance.

The Government argues that Defendant was released on bond with a certain amount of trepidation and that the conditions were as restrictive as they could be, just short of detaining the defendant, and that the next step up would be detention, which is what the Government now seeks.

Given Defendant's failure to present himself as directed to Pretrial Services on the date the bond was issued, it appears that there is little likelihood that this Defendant is either prepared or willing to comply with any conditions of bond. He has been an absconder for 18 days, and made no attempts whatsoever to contact Pretrial Services or any other officer within this courthouse during the past 18 days. Defendant has proven himself to be a risk of flight, and this court finds by a preponderance of the evidence that Defendant is indeed a flight risk, and that there are no conditions that would assure his appearance in Court. Therefore Detention is Ordered.